UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Diane G. DeJaynes,                    ) C/A No.2:10-2963-DCN-RSC
                                      )
                        Plaintiff,    )
                                      )
vs.                                   )
                                      )
South Carolina Board of Nursing;      )        Report and
South Carolina Department of Labor    )        Recommendation
Licensing and Regulations,            )
                                      )
                        Defendants.   )
_____

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court

1

can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

<u>Background</u>

Plaintiff indicates that "[t]he Board of Nursing received a complaint from a nursing administrator at Roper Hospital, stating allegations of [Plaintiff's] incompetence as a Registered Nurse." ECF No. 1, page 3. In February of 2008, Plaintiff was ordered to submit to a psychiatric evaluation. *Id.* Plaintiff states that she was willing to undergo an evaluation. *Id.* However, when Plaintiff learned that the evaluation would require a four day "inpatient stay at the Recovering Professional's Program," she refused to cooperate. *Id.* Plaintiff's nursing license was subsequently revoked in a "Final Order" issued by the South Carolina Department of Labor, Licensing, and Regulation before the South Carolina State Board of Nursing on September 30, 2010.[1]

Plaintiff alleges that she had a hearing before a disciplinary panel and a "Final Order Hearing" regarding her nursing license. *Id.* at 4. Plaintiff states she was unable to adequately represent herself during the proceedings. *Id.* Specifically, Plaintiff claims that she was unable to cross-examine at least one witness and

---

[1] *See* http://www.llr.state.sc.us/POL/Nursing/index.asp?file-FinalOrders.htm (last visited January 24, 2011). A court may take judicial notice of factual information located in postings on government websites. *See Myers v. Kaufmann,* C/A No. 2:10-2081-RMG-RSC, 2010 WL 4338097 at *2, n.2 (D.S.C. Sept. 16, 2010).

unable to present documents. *Id.* Plaintiff also alleges that only a portion of her medical records were presented at the hearing. *Id.* Thus, Plaintiff states, "I wish to have the medical records submitted completely for the court to review and allow me to explain in more detail the events that occurred, giving the court a clear understanding of my innocence. I want to be cleared of all false allegations, and get back my Registered Nursing license, free and clear." *Id.* at 5.

On December 29, 2010, Plaintiff submitted Answers to the Court's Special Interrogatories, which clarified that Plaintiff is bringing the instant action for constitutional violations associated with the suspension of Plaintiff's nursing license by the Defendant state agencies. ECF No. 11, page 1. Plaintiff's Answers further state that she has not filed an administrative or state court appeal of the order suspending her nursing license. *Id.*

<u>Discussion</u>

Plaintiff alleges due process violations associated with her state administrative hearings. Plaintiff asks this Court to review the administrative order issued by the Defendants and to reinstate Plaintiff's nursing license. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v.*

3

*Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44.

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). While the *Younger* doctrine was originally applied to protect state interests represented in criminal prosecutions, the Supreme Court has extended *Younger* to prescribe abstention in favor of state civil actions as well, when important state interests are at stake. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975).

As indicated above, the Fourth Circuit test for *Younger* abstention usually requires the existence of an "ongoing" state proceeding. However, the Fourth Circuit has concluded that "the *Younger* doctrine applies to bar federal court reconsideration of state coercive proceedings even when the state proceedings have ended, as long as the federal proceeding casts aspersion on the

4

state proceedings or annuls their results." *Moore v. City of Asheville*, 396 F.3d 385, 395 (4th Cir. 2008). The Fourth Circuit has also held that "a defendant to a coercive state administrative proceeding must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively 'to annul the results' of a state administrative body.". *Id.* at 388 (citing *Huffman*, 420 U.S. at 609). In the present case, Plaintiff states that she did not file an administrative or state court appeal of the South Carolina Board of Nursing's order suspending Plaintiff's nursing license. The pleadings do not indicate whether state appellate remedies remained available to Plaintiff at the time the instant complaint was filed, therefore, it is unclear whether there was an ongoing state proceeding at the time this action was initiated. In any event, Plaintiff's complaint clearly asks this Court to annul the results of a state agency decision by clearing Plaintiff of false allegations and reinstating Plaintiff's nursing license. ECF No. 1, page 5. Thus, *Younger* principles are properly applied in this case regardless of whether Plaintiff's state proceedings ended prior to Plaintiff seeking federal court intervention. *See Beam v. Tatum*, No. 07-1719, 2008 WL 4844724 at **3 (4th Cir. Nov. 10, 2008)(finding *Younger* abstention appropriate where a plaintiff "abandoned the state review process . . . and bypassed state court

5

judicial review of [an] administrative decision in favor of filing suit in federal court").

The second requirement in the Fourth Circuit's test for *Younger* abstention, implication of an important state interest, is clearly satisfied in this case. The proceedings challenged in this action deal with Plaintiff's licensure as a nurse in the State of South Carolina, responsible for the life, health and welfare of patients. As the State of South Carolina certainly has a substantial interest in the safety of the public at large, the proceedings at issue implicate a substantial state interest and are the type "to which *Younger* applies." *New Orleans Public Serv, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 367 (1989)(noting that *Younger* does not require "abstention in deference to a state judicial proceeding reviewing legislative or executive action").

Finally, South Carolina statutes provide that a "party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . . . Except as otherwise provided by law, an appeal is to the court of appeals." S.C. Code Ann. § 1-23-380. In *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156 (4th Cir. 2008), the Court held that "[F]ederal intervention before a state court has had the opportunity to review an agency's decision . . . [creates] a disruption of the State's efforts to protect

6

interests which it deems important." *Id.* at 166 (internal quotation marks omitted). Accordingly, when a plaintiff fails "to exhaust its administrative remedies, and could have asserted its constitutional claims in the state proceedings . . . [the] principles of comity demand application of *Younger* abstention." *Id.* at 167. As Plaintiff is provided, but apparently failed to take advantage of, an opportunity under state law to raise constitutional claims in an appeal of the administrative order suspending her nursing license, the three prong test for *Younger* abstention is met. Therefore, the Court should abstain, under *Younger*, from exercising jurisdiction over Plaintiff's complaint seeking federal court review, and annulment of, the state administrative order suspending Plaintiff's nursing license.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.


February,     /     2011
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).